dore H. Vetterlein individually, the proceeds of his separate estate must, under section 36 [of the bankrupt act of 1867 (14 Stat. 534)], be added to the joint stock and property of the copartners, for the payment of their joint creditors.

[See Cases Nos. 16,928 and 16,929.]

## Case No. 16,928.

In re VETTERLEIN et al.

[5 Ben. 571;[1] 6 N. B. R. 518.]

District Court, S. D. New York.   March, 1872.

BANKRUPTCY—APPOINTMENT OF TRUSTEE.

A resolution was adopted by three-fourths of the creditors, appointing a trustee. It appeared that each creditor who signed that resolution had received from the assignee in bankruptcy a dividend of 16 per cent. and had signed an agreement, under which the person named as trustee, was, as soon as three fourths in value of the creditors had signed it, to deposit in the hands of the assignee enough money to pay to each signer 19 per cent. more, and, the trustee being then appointed, the assignee was to convey the estate to the trustee, and to be discharged, and then to pay to each signer the 19 per cent., and that payment was to operate as an assignment of the claims of the signers to such person as the trustee should name. By an agreement made at the same time, between the trustee and the bankrupts, certain real estate conveyed by the sons of the bankrupts, and the wife of one of them, to a person named by the trustee, was to be sold, and its proceeds, with other moneys, were to be paid to the trustee; and the claims of the signers of the first instrument were to remain as security to the trustee for the moneys advanced by him, until those advances, and $12.500 as a compensation for his services, were reimbursed to him; and, after the bankruptcy proceedings were superseded, and the trustee was so reimbursed, he was to convey to the bankrupts all that remained of the estate: *Held*, that the resolution appointing the trustee could not be approved.

[For prior proceedings, see Cases Nos. 16,-926 and 16,927.

F. N. Bangs and J. L. Ward, for the application.

S. Boardman, opposed.

BLATCHFORD, District Judge.   The 43d section of the bankruptcy act [of 1867 (14 Stat. 538)], in providing that the court shall confirm a resolution passed under that section, if it shall appear to it that the resolution was duly passed, and that the interests of the creditors will be promoted thereby, refers to the interests of all the creditors, and its design is to put it in the power of the court to protect the interests of those who do not vote

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

in favor of the resolution. The will of three-fourths in value of the creditors whose claims have been proved, is not to control in respect to the claims of those who do not vote in favor of the resolution, unless the court sees that the interests of the latter will be promoted by carrying the resolution into effect.

The 22d section of the act provides, that a creditor, to have his demand allowed, must make a deposition setting forth, among other things, that no agreement has been made by him to sell or dispose of his claim, or to receive any consideration whereby any action on his part, in the proceedings under the act, shall be in any way affected, influenced or controlled; and that no claim shall be allowed, unless all the statements set forth in the deposition shall appear to be true. The 29th section of the act provides, that no discharge shall be granted, or, if granted, be valid, if the bankrupt, or any person in his behalf, has influenced the action of any creditor, at any stage of the proceedings, by any pecuniary consideration or obligation.

In the present case, it appears that every one of the creditors who has signed the resolution appointing the trustee and the committee, has made an agreement to sell his claim to the trustee, and to receive a consideration for voting in favor of the resolution. Each has already received from the assignee a dividend of 16 per cent. By an agreement signed by each, the person named as trustee is, as soon as three-fourths in value of the creditors shall have signed the agreement, to deposit in the hands of the assignee enough money to pay to each signer 19 per cent. more; and attorneys designated are to vote, on behalf of such signers, for such person as trustee; and, when such person is appointed trustee, and the assignee has conveyed all the estate to the trustee, and been discharged, the assignee is to pay to the signers the 19 per cent., out of the deposit; and such payment is to operate as an assignment of the claims of the signers to such person as the trustee shall name. By a contemporaneous agreement between the trustee and the bankrupts, certain real estate conveyed by the sons of the bankrupts, and the wife of one of them, to a person named by the trustee, is to be sold, and its proceeds, and other moneys in the hands of such person, are to be paid to the trustee; and the claims of the said signers are to remain as security to the trustee for said moneys advanced by him, until the same, and the sum of $12.500, as a compensation for his services as trustee, shall be reimbursed to him; and, after the bankruptcy proceedings are superseded, and the trustee is paid such advances and compensation, he is to convey to the bankrupts all that remains of the estate.

Certainly, this court can give no sanction to such an arrangement. As well might the bankrupts themselves be appointed trustees. A person who is to hold the estate, under such a private trust is not a proper person to be appointed trustee. The 43d section provides

that the trustee shall proceed to wind up and settle the estate, under the direction and inspection of the committee of the creditors, for the equal benefit of all the creditors. This trustee has obligated himself, by a private agreement, to wind up the estate for his own benefit, and that of the bankrupts, and that of the signing creditors, to the exclusion of the non-signing creditors.

Moreover, but a single person is named as a committee, and he is one who has signed the agreement referred to, and will thereby cease to be a creditor the moment the trustee takes the estate and the 19 per cent. is paid.

A trustee who, after his appointment, should enter into such obligations and arrangements as those shown to have been entered into in advance by this trustee, would be removed by any court of equity. The interests of the non-signing creditors are deliberately sacrificed by the arrangements entered into. Under them the trustee has obligated himself to use the estate to reimburse to himself his advances, and to pay his compensation of $12,500, and to turn over the rest to the bankrupts. The money put into the hands of the assignee, it is expressly agreed, shall be used to pay the creditors who sign. No others can receive the 19 per cent. Those who have not signed appeal to the court not to sanction such a proceeding. The proposed trustee resides in Philadelphia, and, if the estate should pass into his hands, he would hold it without having given security, and free from the control of any committee or of this court.

The application to confirm the resolution is denied, with costs to the opposing creditors, to be paid by the assignee out of the estate.